UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**KIMBERLY PODVIN,**

    **Plaintiff,**

v.

**DYNAMIC RECOVERY SOLUTIONS, LLC,**

    **Defendant.**

_____/

CASE NO.:

**JURY TRIAL DEMANDED**

## COMPLAINT

Plaintiff, Kimberly Podvin ("Plaintiff" or "Ms. Podvin"), by and through undersigned counsel, hereby files this Complaint against Dynamic Recovery Solutions, LLC ("Defendant" or "Dynamic"), and states the following:

### PRELIMINARY STATEMENT

1. Plaintiff brings this action pursuant to 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act ("FDCPA") and Fla. Stat. § 559.55 *et seq.*, the Florida Consumer Collection Practices Act ("FCCPA").

2. Plaintiff seeks damages, costs and attorney's fees from Defendants, for the above violations.

### JURISDICTION AND VENUE

3. Federal subject matter jurisdiction exists pursuant to 28 U.S.C. § 1331, as Plaintiff brings claims under 15 U.S.C. §1692 *et seq.*, the Federal Debt Collection Practices Act ("FDCPA"). Supplemental jurisdiction exists over the state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to the claims and injuries occurred in the Middle District of Florida.

## PARTIES

5. Plaintiff, Kimberly Podvin, is natural person residing in Hernando County, Florida, where the causes of action arose, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and Fla. Stat. § 559.55(8).

6. Defendant, Dynamic Recovery Solutions, LLC, is a foreign limited liability company, is headquartered in South Carolina, does business in the State of Florida, and is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and Fla. Stat. § 559.55(7).

7. Defendant, in the conduct of its business, uses one or more instrumentalities of interstate commerce or the mails, including without limitation to, electronic communication with Plaintiff.

8. The conduct of Defendant was authorized, approved and/or ratified by one or more officers, directors, or managers of Defendant, and/or they knew in advance that the Defendant was likely to conduct itself, and allowed them to so act, with conscious disregard of the rights and safety of others. The agent(s) or employee(s) of Defendant acted within the course and scope of such agency or employment and acted with the consent, permission and authorization of Defendant.

9. The Defendant's communications, set forth below, were made to exhaust the Plaintiff's will in an attempt to have the Plaintiff pay a debt after all necessary information was conveyed and after all attempts and persuasion and negotiation had failed, as demonstrated by Plaintiff either expressly or impliedly communicating to Defendant to stop calling Plaintiff.

## FACTUAL ALLEGATIONS

10. Plaintiff was alleged to owe Defendant a debt (the "Alleged Debt").

11. The Alleged Debt stems from transactions primarily for personal, family, or household purposes, and is therefore a "debt," as that term is defined by 15 U.S.C. § 1692a(5) and Fla. Stat. § 559.55(6).

12. Defendant began calling Plaintiff on her cellular telephone in an attempt to collect on the Alleged Debt.

13. Plaintiff instructed Defendant to stop calling in an attempt to collect on the Alleged Debt. Moreover, all attempts at negotiations to obtain payment from Plaintiff failed after Plaintiff instructed Defendant to stop calling.

14. Indeed, Plaintiff instructed Defendant multiple times to stop calling in an attempt to collect on the Alleged Debt.

15. Plaintiff advised Defendant that she believed that she no longer had any obligation to pay the Alleged Debt.

16. On or about July 8, 2020, Defendant sent Plaintiff a billing statement in an attempt to collect on a debt that was not legitimate nor enforceable. A copy of the Defendant's billing statement is attached hereto as **Exhibit A**.

17. More specifically, Defendant's billing statement stated in pertinent part that the Alleged Debt had been placed with Defendant for collection and also provided Plaintiff with various payment options for an unenforceable debt.

18  Defendant continued to communicate with Plaintiff in an attempt to collect on the Alleged Debt, despite Plaintiff instructing Defendant to stop calling and advising Defendant that she believed that she no longer had an obligation to make any more payments relating to the Alleged Debt. Moreover, all reasonable efforts at persuasion and negotiation had failed.

19. As described below, Defendant's conduct constitutes violations of the FDCPA and FCCPA because Defendant's continued communications served only to harass and exhaust the Plaintiff's will into making a payment. In fact, Defendant did harass and annoy Plaintiff. As a result of Defendant's conduct, Plaintiff suffered from anxiety and had her valuable time wasted.

## COUNT I

## VIOLATION OF THE FDCPA BY DEFENDANT

20. This is an action against Defendant for violation of 15 U.S.C. §1692 *et seq*.

21. Plaintiff re-alleges and reincorporates paragraphs 1 through 19, as if fully set forth herein.

22. The Alleged Debt is a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

23. Defendant uses interstate commerce or the mails in its business, the principal purpose of which is the collection of debts, or Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due to another, and is therefore a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6). Moreover, Defendant holds itself on its billing statement (**Exhibit A**) as a "debt collector" and that the purposes of the billing statement is to collect a debt.

24. Defendant, communicated, directly and/or indirectly, certain information to Plaintiff as set forth above, which constitutes "communication," as defined by 15 U.S.C. § 1692a(2).

[Space intentionally left blank]

25. Through the conduct described above, Defendant violated the following provisions of the FDCPA:

**15 U.S.C. § 1692d**

A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

**15 U.S.C. § 1692e**

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

**15 U.S.C. § 1692f**

A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

26. All conditions precedent to this action have occurred, have been satisfied, or have been waived.

27. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to: (a) actual damages pursuant to 15 U.S.C. § 1692k(a)(1); (b) statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A); (c) reasonable attorneys' fees and costs, pursuant to 15 U.S.C. § 1692k(a)(3); and (d) all other relief Plaintiff is entitled to under the law.

28. All conditions precedent to this action have occurred, have been satisfied, or have been waived.

WHEREFORE, Plaintiff respectfully requests this Court enter a judgment in Plaintiff's favor finding that Defendant has violated the FDCPA; awarding Plaintiff actual damages, statutory damages, attorneys' fees and costs, together with any and all such further relief as is deemed necessary or appropriate.

## COUNT II

## VIOLATION OF § 559.72(7) OF THE FCCPA BY DEFENDANT

29. This is an action against Defendant for violation of Fla. Stat. § 559.72(7).

30. Plaintiff realleges and incorporates paragraphs 1 through 19, as if fully set forth herein.

31. Defendant communicated, directly and/or indirectly, certain information to Plaintiff as set forth above, which constitutes "communication," as defined by Fla. Stat. § 559.55(2).

32. Fla. Stat. § 559.72(7) provides, in pertinent part:

In collecting consumer debts, no person shall:

(7) …willlfully engage in other conduct which can reasonably be expected to abuse or harass the Plaintiff or any member of her or his family.

33. Through its conduct, described above, Defendant directly and through its agents violated the above section of the FCCPA.

34. All conditions precedent to this action have occurred, have been satisfied, or have been waived.

35. Pursuant to Fla. Stat. § 559.77(2), as a result of the above violations of the FCCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, and reasonable attorney's fees and costs.

36. Based upon the willful, intentional, knowing, malicious, repetitive, and continuous conduct of Defendant, as described herein, Plaintiff is also entitled to an award of punitive damages in accordance with Fla. Stat. §§ 559.77 and 768.72.

WHEREFORE, Plaintiff respectfully requests this Court enter a judgment against Defendant, finding that Defendant violated the FCCPA, awarding Plaintiff actual damages, statutory damages, punitive damages, attorneys' fees and costs pursuant to Fla. Stat. § 559.77(2), and awarding Plaintiff any and all such further relief as is deemed necessary and appropriate.

## COUNT III

### VIOLATION OF § 559.72(9) OF THE FCCPA BY DEFENDANT

37. This is an action against Defendant for violation of Fla. Stat. § 559.72(9).

38. Plaintiff realleges and incorporates paragraphs 1 through 19, as if fully set forth herein.

39. Defendant communicated, directly and/or indirectly, certain information to Plaintiff as set forth above, which constitutes "communication," as defined by Fla. Stat. § 559.55(2).

40. Fla. Stat. § 559.72(9) provides, in pertinent part:

In collecting consumer debts, no person shall:

(9) Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist.

41. Through its conduct, described above, Defendant directly and through its agents violated the above section of the FCCPA.

42. All conditions precedent to this action have occurred, have been satisfied, or have been waived.

43. Pursuant to Fla. Stat. § 559.77(2), as a result of the above violations of the FCCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, and reasonable attorney's fees and costs.

44.     Based upon the willful, intentional, knowing, malicious, repetitive, and continuous conduct of Defendant, as described herein, Plaintiff is also entitled to an award of punitive damages in accordance with Fla. Stat. §§ 559.77 and 768.72.

WHEREFORE, Plaintiff respectfully requests this Court enter a judgment against Defendant, finding that Defendant violated the FCCPA, awarding Plaintiff actual damages, statutory damages, punitive damages, attorneys' fees and costs pursuant to Fla. Stat. § 559.77(2), and awarding Plaintiff any and all such further relief as is deemed necessary and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff is entitled to and hereby respectfully demands a trial by jury.  U.S. Const. Amend. 7 and Fed. R. Civ. P. 38.

Dated: October 23, 2020                                         Respectfully Submitted,

**SHRADER LAW, PLLC**
612 W. Bay St.
Tampa, Florida 33606
Phone:  (813) 360-1529
Fax:     (813) 336-0832

/s/ Brian L. Shrader, Esq.
**BRIAN L. SHRADER, ESQ.**
Florida Bar No. 57251
e-mail: bshrader@shraderlawfirm.com
*Attorney for Plaintiff*